1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

| ACOLYTE TECHNOLOGIES CORPORATION, | CASE NO. 11 CV 2012 MMA (CAB) |
|---|---|
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY** |
| vs. | |
| JEJA INTERNATIONAL CORPORATION LIMITED; et al., | [Doc. No. 4] |
| Defendants. | |

17  **I.     BACKGROUND**

18          On August 31, 2011, Plaintiff Acolyte Technologies Corporation filed a complaint for

19  patent infringement and unfair competition against corporate Defendant Jeja International

20  Corporation, Ltd. ("Jeja") and individual Defendants Evelyn Kim, Inho Kim, Choong Bin Lim,

21  Sook Ja Lim, and Ceong Lim—doing business as La Bonita—collectively, "Individual

22  Defendants." [Doc. No. 1.] Plaintiff is in the business of developing and designing innovative

23  LED lighting products to adorn and lighten decor and floral arrangements. [*Id*. ¶¶17-18.] Plaintiff

24  owns the two patents in suit—U.S. Patent No. D633,232 ("'232 Patent") and U.S. Patent No.

25  D642,299 ("'299 Patent")—which teach an "ornamental design for lighting device." [*Id*. ¶¶27-

26  28.] Plaintiff asserts Defendants are manufacturing, marketing, advertising, importing and selling

27  lighting devices that infringe the '232 and '299 Patents.

28  / / /

1  ## II.  PROCEDURAL HISTORY

2  On September 2, 2011, Plaintiff filed an *ex parte* application for a temporary restraining

3  order ("TRO") and order to show cause why a preliminary injunction should not issue to enjoin

4  Defendants' allegedly infringing conduct.  [Doc. No. 4.]  Plaintiff's *ex parte* application also

5  requests expedited discovery to determine the identities of certain Doe Defendants whom Plaintiff

6  believes are "responsible for a large shipment of infringing LED lighting devices scheduled to

7  arrive in the U.S. in or around September 2011."  [*Id.* ¶4.]  On September 2, the Court issued a

8  briefing schedule on Plaintiff's *ex parte* application; Defendants' opposition to Plaintiff's request

9  for *ex parte* relief was due by September 7, and a hearing was set for September 9 at 8:00 a.m.

10  Defendants did not file an opposition.  On September 9, the Court was unexpectedly closed due to

11  a widespread power outage in San Diego.  Accordingly, the Court vacated the hearing on

12  Plaintiff's *ex parte* application and took Plaintiff's unopposed motion under submission.[1]  [Doc.

13  No. 12.]  For the reasons set forth herein, the Court **GRANTS** Plaintiff's request for a temporary

14  restraining order to enjoin certain conduct by the named Defendants.

15  ## III.  LEGAL STANDARD

16  To prevail on a motion for temporary restraining order or to receive preliminary injunctive

17  relief, the moving party bears the burden of demonstrating either: (1) a combination of probable

18  success on the merits *and* the possibility of irreparable injury, **or** (2) the existence of serious

19  questions as to success on the merits and irreparable injury along with a sharp tipping of the

20  balance of hardships in favor of the moving party.  These alternative standards are "not separate

21  tests but the outer reaches of a single continuum."  *Int'l Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d

22  819, 822 (9th Cir. 1993).

23  / / /

24

---

25  [1] The Ninth Circuit has held that a district court may properly grant an unopposed motion pursuant to
a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.

26  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Civil Local Rule 7.1(f)(3)(c) provides that
"[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may

27  constitute a consent to the granting of that motion or other ruling by the court."  As such, the Court has the
option of granting Plaintiff's motion because no opposition has been filed, and the Court chooses to do so here.

28  However, generally, public policy favors disposition of cases on their merits.  *See, e.g., Hernandez v. City of
El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

1  "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be

2  granted sparingly and only in cases where the issues are clear and well defined and the plaintiff

3  has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations,*

4  *Inc.*, 219 U.S.P.Q. (BNA) 31, 32-33 (C.D. Cal. 1982) (citing *Dymo Industries, Inc. v. Tapeprinter,*

5  *Inc.*, 326 F.2d 141 (9th Cir. 1964)).  "[P]laintiffs must establish that irreparable harm is likely, not

6  just possible, in order to obtain a preliminary injunction." *Alliance for Wild Rockies v. Cottrell*,

7  632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter v. Natural Resources Defense Council*, 555

8  U.S. 7 (2008)).  Moreover, "on application for preliminary injunction the court is not bound to

9  decide doubtful and difficult questions of law or disputed questions of fact." *Dymo Industries*, 326

10  F.2d at 143; *see also Mayview Corp. v. Rodstein*, 480 F.2d 714, 719 (9th Cir. 1973) (reversing

11  grant of preliminary injunction based on existence of disputed factual issues).

12  Accordingly, at an "irreducible minimum," the moving party must demonstrate "a fair

13  chance of success on the merits" or "questions … serious enough to require litigation." *Sports*

14  *Form, Inc. v. United Press Intern., Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (citations omitted).  If

15  the moving party fails to show any chance of success on the merits, a court need not determine

16  whether there is potential injury or balance the hardships. *Id.*  Serious questions going to the

17  merits and a hardship balance that tips sharply towards the plaintiff, however, can support issuance

18  of an injunction so long as the plaintiff also shows a likelihood of irreparable injury and that the

19  injunction is in the public interest. *Cottrell*, 632 F.3d at 1131-32.

20  **IV.    DISCUSSION**

21  Plaintiff's pending motion requests two forms of relief: (1) an injunction against

22  Defendants, and (2) limited expedited discovery.  Plaintiff seeks to restrain and enjoin Defendants

23  from making, using, selling or offering for sale any infringing products, including the following

24  devices identified and sold by Defendant Jeja[2] on its website: (i) 9 led submersible; (ii) 9 led

25  submersible LD901_M; (iii) full color 9 led submersible; (iv) waterproof 9 led lights for floral

26  _____

27      [2] According to Plaintiff, Defendant Jeja is a foreign corporation located in Hong Kong, and
28  until recently, Jeja offered the infringing devices for sale to customers all over the world via its
website, www.jejahk.com.  The individual Defendants, operating as La Bonita in Chula Vista
California allegedly sell the infringing products at their retail location.

1   design; (v) 14 led submersible LD14_M; and (vi) sub-14.  [Doc. No. 4-1.]  Plaintiff avers that if its

2   products are visually compared to Defendants' infringing devices they are virtually identical to

3   Plaintiff's technology protected by the '232 and '299 Patents.  Plaintiff requests immediate

4   injunctive relief because it was recently informed by one of its customers that one or more

5   unidentified Doe Defendants are expecting a large shipment of infringing devices in September

6   2011.  Accordingly, in connection with its request for injunctive relief, Plaintiff also requests

7   limited expedited discovery to determine the identities of the Doe Defendant(s) allegedly involved

8   in the imminent manufacture, importation, and distribution of the infringing devices.

9           **(A)    Injunctive Relief**

10                  *1.    Likelihood of Success on the Merits*

11          Infringement exists when defendants offer to sell a device that falls within the claims of the

12   patent(s) at issue, without the patent owner's permission.  *Homedics, Inc. v. Valley Forge Ins. Co.*,

13   315 F.3d 1135, 1141 n.5 (9th Cir. 2003) (citing *Hoechst-Roussel Pharms. v. Lehman*, 109 F.3d

14   756, 759 (Fed. Cir. 1997)).  "In a patent infringement case, to satisfy the likelihood-of-success

15   prong, the patentee must demonstrate that it will likely prove infringement of one or more claims

16   of the patents-in-suit, and that at least one of those same allegedly infringed claims will also likely

17   withstand the validity challenges presented by the accused infringer."  *Red Bend Ltd. v. Google*

18   *Inc.*, 2011 U.S. Dist. LEXIS 36217 *43 (D.C. Mass. Mar. 31, 2011) (citation omitted).  "In

19   assessing whether the patentee is entitled to the injunction, the court views the matter in light of

20   the burdens and presumptions that will inhere at trial."  *Id.* (citation omitted).  "If the alleged

21   infringer raises a substantial question concerning either infringement or validity, i.e., asserts an

22   infringement or invalidity defense that the patentee cannot prove lacks substantial merit, the

23   preliminary injunction should not issue."  *Id.* (citations omitted).

24          A plaintiff may establish a device infringes its patent by proving "that the accused device is

25   'substantially similar' to the claimed design under what is referred to as the 'ordinary observer'

26   test."  *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 668 (Fed. Cir. 2008) (rejecting the

27   "novelty" test).  Under the ordinary observer test, the Court considers whether in the eye of an

28   ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially

1  the same such that the observer would be deceived and induced to purchase the infringing device,

2  supposing it to be the other patented device.  *Id.* at 670.

3       Here, Plaintiff asserts it will likely succeed on the merits of its infringement claim because

4  a visual inspection of its patented devices, compared to Defendants' allegedly infringing devices,

5  reveals the devices are visually virtually identical.  In particular, Plaintiff points to the size and

6  shape of the round device housing, as well as the number and location of LED lights on top of the

7  devices.  Plaintiff asserts Defendants' infringing devices possess 9 lights that are arranged in the

8  same general pattern as the 9 lights atop Plaintiff's patented devices.  In addition, Defendants'

9  allegedly infringing products contain the same textured pattern on the outside surface of the

10 housing.  Accordingly, an ordinary observer would be deceived into believing the infringing

11 device was actually the patented device owned by Plaintiff.

12      Plaintiff also asserts it will likely succeed on the issue of validity because the issuance of a

13 patent entitles the patent holder to a strong presumption of validity.  35 U.S.C. § 282 (patents are

14 presumed valid).  Accordingly, in the absence of any opposition by Defendants, the Court finds

15 Plaintiff has demonstrated it will likely succeed on its infringement claim because its patents are

16 presumed valid, and the allegedly infringing devices appear substantially identical to Plaintiff's

17 products.  For the same reasons, the Court also finds Plaintiff has shown a likelihood of success on

18 its unfair competition and misappropriation claims, which arise out of Defendants' unlawful

19 infringement activities.

20                    *2.    Irreparable Injury*

21      To justify immediate injunctive relief, Plaintiff must also demonstrate that it may suffer

22 irreparable injury if Defendants' wrongful conduct is not enjoined.  *Int'l Jensen, Inc.*, 4 F.3d at

23 822.  Here, Plaintiff alleges it will suffer several types of irreparable harm, including injury to its

24 reputation and goodwill because its devices are unique and of a higher quality than the inferior

25 infringing products.  [*See* Doc. No. 4-1, Declaration of Marvin Feigenbaum, ¶¶24-25.]  Plaintiff

26 also argues it will suffer a decrease in market share because Defendants directly compete with

27 Plaintiff and vie for the same customers Plaintiff services.  [*Id.*]  According to Plaintiff, if

28 Defendants are not enjoined, Plaintiff will continue to lose sales to customers and its

11cv2012

1  corresponding leading position in the market.  In addition, Plaintiff fears it will suffer irreversible

2  price erosion because Plaintiff has already had to offer its customers discounts to compete with

3  Defendants' less expensive infringing devices.  [*Id.* ¶27-28.]

4       The declaration of Plaintiff's Chief Executive Officer, Mr. Feigenbaum, which supports

5  Plaintiff's assertion of anticipated irreparable injury, coupled with Defendants' lack of objection

6  suggests temporary injunctive relief is appropriate.  *See, e.g.*, *Century 21 Real Estate LLC v. All*

7  *Professional Realty*, 2011 U.S. Dist. LEXIS 6604 *36 (E.D. Cal. Jan. 24, 2011) (citing *WMX*

8  *Techs. v. Miller*, 80 F.3d 1315, 1325 (9th Cir. 1996) ("damage to goodwill is an irreparable

9  harm")); *Nutrition 21 v. U.S.*, 930 F.2d 867, 871 (Fed. Cir. 1991) (potential loss of market share, if

10  substantiated with some evidence, can support issuance of injunctive relief).

11              *3.      Balance of Hardships*

12       This factor also weighs in Plaintiff's favor.  Plaintiff's patents at issue are presumed valid,

13  and as the patent owner, Plaintiff has the right to exclude others from practicing its patented

14  technology.  Conversely, Defendants have no right to build a business by infringing Plaintiff's

15  patents.  *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1330 (Fed. Cir. 2008) (citation omitted).

16  Because Plaintiff has shown it may reasonably suffer irreparable injury to its reputation and

17  goodwill if Defendants are not enjoined, and Defendants have not identified any harm they will

18  suffer if they are enjoined, this factor suggests injunctive relief is warranted.

19              *4.      Public Policy*

20       Public policy favors enforcing Plaintiff's rights secured by its patents, and the public has

21  an interest in fair competition.  Accordingly, in the absence of any opposition by Defendants, the

22  Court finds this fourth and final factor also weighs in Plaintiff's favor.

23       **(B)     Expedited Discovery**

24       In light of the Court's determination that injunctive relief is appropriate, the parties are

25  directed to contact the chambers of Magistrate Judge Cathy A. Bencivengo within three days of

26  issuance of this Order to schedule an early case management conference to resolve Plaintiff's

27  request for limited expedited discovery.  *See* Civ. L.R. 72.1.b (discovery motions determined by

28  magistrate judge).

**(C)   Bond**

Under Rule 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  The Ninth Circuit has "recognized Rule 65(c) invests the district court 'with discretion as to the amount of security required, if any.'"  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir.1999)).  "The district court may [therefore] dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id.*

Here, Plaintiff requests the Court enter a small nominal bond and asserts a large bond would be unduly burdensome because Plaintiff is a small company.  [Doc. No. 4-1, p.17; *but compare* Feigenbaum Decl. ¶26 (Plaintiff "is a relatively small company") *with* ¶5 (Plaintiff has enjoyed "steadily increasing sales totaling millions of dollars annually").]Given the limited record available at this time, the Court finds a bond of $5,000 is appropriate.

## V.   CONCLUSION

For the reasons discussed above, the Court concludes a narrowly tailored order restraining certain limited conduct by the named Defendants until completion of the expedited discovery proceedings is appropriate.  Accordingly, the Court **ORDERS** as follows:

(1)   Defendant Jeja International Corporation, Ltd., and individual Defendants Evelyn Kim, Inho Kim, Choong Bin Lim, Sook Ja Lim, and Ceong Lim—doing business as La Bonita—are hereby enjoined and restrained, pending the completion of limited expedited discovery as permitted by Magistrate Judge Bencivengo, as follows.  Defendants, including their officers, agents, servants, and employees shall not make, use, sell, or offer for sale the following products, identified by Jeja as:

> (i)   "9 led submersible"
>
> (ii)   "9 led submersible LD901_M"
>
> (iii)   "full color 9 led submersible"
>
> (iv)   "waterproof 9 led lights for floral design"

1         (v)    "14 led submersible LD14_M"

2         (vi)   "sub-14"

3    **IT IS FURTHER ORDERED** that:

4    (2)    The parties shall contact the chambers of Magistrate Judge Cathy A. Bencivengo

5         within three days of issuance of this Order to schedule an early case management

6         conference to resolve Plaintiff's request for limited expedited discovery.

7    (3)    Plaintiff shall post a bond in the amount of $5,000 within seven days of entry of this

8         order.

9    **IT IS SO ORDERED.**

10

11   DATED:  September 12, 2011

12   Hon. Michael M. Anello
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28