# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACOLYTE TECHNOLOGIES CORPORATION,<br><br>                Plaintiff,<br><br>vs.<br><br>JEJA INTERNATIONAL CORPORATION LIMITED; et al.,<br><br>                Defendants. | CASE NO. 11 CV 2012 MMA (CAB)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION TO AMEND TEMPORARY RESTRAINING ORDER;**<br><br>[Doc. No. 23]<br><br>**VACATING TEMPORARY RESTRAINING ORDER ISSUED ON SEPTEMBER 12, 2011** |

      Currently pending before the Court is Plaintiff's *ex parte* motion to amend the temporary restraining order issued on September 12, 2011. For the reasons set forth below, the Court **DENIES** Plaintiff's *ex parte* request.

**I.    BACKGROUND**

      On August 31, 2011, Plaintiff Acolyte Technologies Corporation filed a complaint for patent infringement and unfair competition against corporate Defendant Jeja International Corporation, Ltd. ("Jeja") and individual Defendants Evelyn Kim, Inho Kim, Choong Bin Lim, Sook Ja Lim, and Ceong Lim—doing business as La Bonita—collectively, "Individual Defendants." [Doc. No. 1.] Plaintiff is in the business of developing and designing innovative LED lighting products to adorn and lighten decor and floral arrangements. [*Id*. ¶¶17-18.] Plaintiff owns the two patents in suit—U.S. Patent No. D633,232 ("'232 Patent") and U.S. Patent No.

1  D642,299 ("'299 Patent")—which teach an "ornamental design for lighting device." [*Id*. ¶¶27-
2  28.] Plaintiff asserts Defendants are manufacturing, marketing, advertising, importing and selling
3  lighting devices that infringe the '232 and '299 Patents.

## II. PROCEDURAL HISTORY

On September 2, 2011, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue to enjoin Defendants' allegedly infringing conduct. [Doc. No. 4.] Plaintiff's *ex parte* application also requested expedited discovery to determine the identities of certain Doe Defendants whom Plaintiff believed were "responsible for a large shipment of infringing LED lighting devices scheduled to arrive in the U.S. in or around September 2011." [*Id*. ¶4.]

On September 12, 2011, the Court granted Plaintiff's *ex parte* application for a TRO and expedited discovery. [Doc. No. 13.] The Court temporarily enjoined and restrained the named Defendants, including their officers, agents, servants, and employees from making, using, selling, or offering to sell the following six products: (i) "9 led submersible;" (ii) "9 led submersible LD901_M;" (iii) "full color 9 led submersible;" (iv) "waterproof 9 led lights for floral design;" (v) "14 led submersible LD14_M;" and (vi) "sub-14." [*Id*. at p.7-8.] In accordance with Federal Rule of Civil Procedure 65(c), the Court also instructed Plaintiff to post a bond in the amount of $5,000 within seven days of entry of the Order. [*Id*.]

The record suggests Plaintiff deposed Defendant Inho Kim on September 20, 2011 and obtained the shipment information it sought. [Doc. No. 20.] On October 5, 2011, Plaintiff filed the pending *ex parte* motion to amend the TRO to further restrain Defendants' conduct by enjoining them from *importing* allegedly infringing products into the United States. [Doc. No. 23.]

## III. DISCUSSION

Plaintiff asserts the September 12, 2011 TRO should be amended because it "recently discovered that shipments of potentially infringing goods were stopped at a United States port of entry in Oakland, California." [Doc. No. 23-1, p.1.] However, U.S. Customs and Border Protection ultimately released the shipment because the TRO does not explicitly prohibit the

1  products from being imported to the United States, but rather, only restricts the manufacture and
2  sale of the infringing items. [*Id.*] Plaintiff therefore requests the Court amend its TRO to enjoin
3  Defendants from importing the specified LED devices. [*Id.*] Plaintiff suggests this additional
4  restriction is consistent with the existing TRO, and it is necessary to enforce the TRO in "the
5  manner intended by the Court." The Court disagrees.

6  **(A)  The Terms of the Existing TRO Should Not be Expanded**

7  First, the Court concluded the record supported only a "*narrowly tailored* order restraining
8  certain limited conduct by the named Defendants." [Doc. No. 13, p.7.]  At the time Plaintiff filed
9  its original motion for a TRO on September 2, Plaintiff had not served any of the named
10 Defendants.  Four days later on September 6, Plaintiff served the complaint on two
11 Defendants—Inho Kim and Evelyn Kim—and provided them notice of the TRO. [Doc. Nos. 5-
12 10.] Defendants' opposition to Plaintiff's TRO was due the following day, September 7, but no
13 opposition was filed.  More than one month has passed since Plaintiff initiated this action, and still
14 only those two Defendants have been served.  The Court is disinclined to further restrict all of the
15 Defendants' conduct, absent proper service and actual notice of the claims and relief sought
16 against them.

17  Second, the arrival of the shipment in Oakland does not warrant amending the TRO for
18 several reasons.  First, the purported customs record for Defendant Jeja is not properly
19 authenticated and therefore inadmissible. Fed. R. Evid., 801-804, 901.  Second, even if
20 considered, the record indicates the shipment was sent to "Asian Imp. Store Inc." located in San
21 Carlos, California.  Asian Imp. Store Inc. was not named in the original complaint and therefore
22 was not subject to the existing TRO.  Third, although Plaintiff indicates it believes the shipper,
23 Zega International Inc., is merely an alter ego of Defendant Jeja because the address for Zega is
24 the same as that for Jeja, Plaintiff's mere suspicion is inadequate.  While the record provided in
25 Exhibit D to Mr. Stern's declaration appears to be labeled "Customs Record for Jeja International
26 Corporation Ltd.," the heading on this otherwise inadmissible document is inapposite to the issue
27 before the Court. [Doc. No. 23-1, Declaration of Steven Stern ¶8, Exh. D.]  Even assuming
28 Defendant Jeja is responsible for the September 19 shipment from Hong Kong to California, the

existing TRO is sufficiently broad to cover Jeja's alleged conduct. The TRO prohibits Jeja from manufacturing or selling the infringing devices, conditions which precede importation. The Court will not increase the scope of the TRO merely to give Plaintiff the ability to seize items purchased by a non-party. Lastly, the only two Defendants, Inho Kim and Evelyn Kim, that have been served and appeared before the Court are not clearly implicated by the recent shipment Plaintiff discovered at the California port of entry.

### (B) The Underlying Purpose of the TRO was Achieved

The Court granted Plaintiff's initial unopposed motion for a TRO to allow Plaintiff an opportunity to conduct expedited discovery that would disclose the location of an expected shipment of infringing products. [Doc. No. 13.] In doing so, the Court permitted the TRO to stay in effect beyond the fourteen-day limitation provided by Federal Rule of Civil Procedure 65(b)(2), to allow adequate time for Plaintiff to obtain the desired discovery. The current record, however, suggests Plaintiff obtained the necessary discovery and identified the anticipated shipment. [*See* Doc. No. 23, p.1; Stern Decl. ¶7.][1] Accordingly, the limited purpose of the TRO has been achieved and it should no longer remain in effect, nor should its terms be broadened. *See Kaszuba v. Fid. Nat'l Default Servs.*, 2011 U.S. Dist. LEXIS 6455 *1 (S.D. Cal. Jan. 24, 2011) (citing *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)) (TRO serves limited purpose of preserving the status quo before preliminary injunction hearing may be held).

Plaintiff asserts amendment is appropriate so the U.S. Customs and Border Protection services can seize infringing goods upon arrival. Plaintiff does not, however, indicate it is aware of any additional shipments expected to arrive in the United States. The Court is mindful that injunctive relief is an extraordinary remedy that should be used sparingly. *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. (BNA) 31, 32-33 (C.D. Cal. 1982) (citing *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)). And while the Court has broad discretion

---

[1] Judge Bencivengo's September 19, 2011 Order [Doc. No. 20] indicates Plaintiff stated it intended to serve Rule 45 subpoenas on the importing entities identified by Defendant Inho Kim in his deposition. The record is unclear whether Plaintiff served any subpoenas, but Plaintiff has had ample time to do so.

to grant or deny a request for injunctive relief, permitting an overbroad injunction constitutes an abuse of that discretion. *FTC v. John Beck Amazing Profits, LLC*, 2009 U.S. Dist. LEXIS 130923 *9-10 (C.D. Cal. Nov. 17, 2009) (citing, *inter alia*, *United States v. BNS, Inc.*, 858 F.2d 456, 460 (9th Cir. 1988)). The Court must narrowly tailor injunctive relief to "remedy the specific harm alleged." *Id*. at *9 (citing *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991)). Accordingly, absent any indication of identifiable impending irreparable harm that would be averted by the proposed amendment, the Court concludes Plaintiff has not demonstrated good cause to amend the TRO. In addition, although the Court previously granted Plaintiff limited, temporary injunctive relief against all the named Defendants, it appears the grounds justifying such relief are no longer present, and the Court is disinclined to further enjoin or restrict conduct of parties that have not been served. Finally, the Court notes the docket does not reflect Plaintiff posted the $5,000 bond required by the Court's September 12 Order.

**IV. CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's *ex parte* application to amend the TRO. The Court further **ORDERS** that the terms and conditions of the TRO, as set forth in the September 12 Order [Doc. No. 13], are hereby **VACATED**.

**IT IS SO ORDERED.**

DATED: October 12, 2011

Hon. Michael M. Anello
United States District Judge