UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACOLYTE TECHNOLOGIES CORPORATION,<br><br>                              Plaintiff,<br><br>   vs.<br><br>JEJA INTERNATIONAL CORPORATION LIMITED; et al.,<br><br>                              Defendants. | CASE NO. 11 CV 2012 MMA (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE**<br><br>[Doc. No. 30] |

Currently pending before the Court is Plaintiff Acolyte Technologies Corporation's motion for preliminary injunction. For the reasons set forth below, the Court **DENIES** Plaintiff's motion without prejudice.

**I.     BACKGROUND**[1]

On October 28, 2011, Plaintiff filed the pending motion for a preliminary injunction against all Defendants. [Doc. No. 30.] Prior to the hearing on Plaintiff's motion, the Court issued an order observing that the summons for the first amended complaint was issued on October 12,

---

[1] In its orders dated October 12, 2011 and January 5, 2012, the Court described the events giving rise to this action and set forth the procedural history of the case. [*See* Doc. Nos. 25, 37.] For the sake of brevity, the Court does not repeat the information here and incorporates the pertinent sections of those orders by reference.

1  2011, but as of January 5, Plaintiff had not served the majority of Defendants. [Doc. No. 37.] The
2  Court therefore vacated the motion hearing, and ordered Plaintiff to file proofs of service
3  evidencing each of the seven remaining Defendants had been properly served with copies of the
4  first amended complaint, summons, and motion for preliminary injunction, if Plaintiff wished to
5  proceed with its motion for injunctive relief. [*Id.*]

6  In response, Plaintiff voluntarily dismissed individual defendants Choong Bin Lim, Sook
7  Ja Lim and Ceong Lim, and corporate defendant Asian Import Store, Inc. [Doc. Nos. 38, 39.]
8  Plaintiff also timely filed executed summonses as to Defendants Party 321, Corp. [Doc. No. 40]
9  and Lorenza Pastrana Hernandez [Doc. No. 41], and a notice stating Plaintiff is in the process of
10 serving foreign Defendant Jeja Internal National Corporation, Ltd. via the Hague Convention
11 [Doc. No. 44.] As explained below, the Court denies Plaintiff's motion for injunctive relief
12 because the procedural posture of this action and the various issues with service have largely
13 rendered Plaintiff's request for relief moot or otherwise inappropriate for disposition.

14 **II.   DISCUSSION**

15 As an initial matter, the pending motion broadly requests the Court to enjoin *all*
16 Defendants from infringing Plaintiff's products covered by the '232 and '299 patents. [Doc. No.
17 30, p.1.] This is problematic for several reasons. First, Plaintiff dismissed six named defendants
18 after filing its motion for injunctive relief. Thus, the motion seeks relief against several
19 individuals and entities who are no longer parties to this action. Second, Plaintiff is still in the
20 process of serving foreign Defendant Jeja via the Hague Convention. While the Court appreciates
21 service in this manner is time-consuming, injunctive relief cannot issue against any defendant
22 absent notice (i.e. proper service). FED. R. CIV. PROC. 65(a)(1). Third, the executed summons for
23 corporate Defendant Party 321, Corp. is legally inadequate. Thus, it appears only one of the
24 remaining defendants in this action—Lorenza Pastrana Hernandez—has been properly served.
25 [Doc. No. 41.]

26 On January 6, Plaintiff returned a purportedly executed summons on behalf of Defendant
27 Party 321, Corp. which indicates Plaintiff's process server effected substitute service on Defendant
28 as permitted by California Code of Civil Procedure section 415.20, by leaving a copy of the first

amended complaint, summons, and motion for preliminary injunction with "Jane Doe - Sales Clerk." [Doc. Nos. 40, 42.] On its face, the "executed" summons is entirely deficient.

California Code of Civil Procedure 416.10 governs service on corporations, not section 415.20. *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 303 (1998). Under section 416.10, a corporation can be validly served through four basic categories of individuals: "(1) a designated agent for service of process, (2) enumerated officers and other authorized agents of the corporation, (3) a cashier or assistant cashier of a banking corporation, and (4) where the party attempting service cannot with reasonable diligence serve an individual in any other category, the Secretary of State as provided by Corporations Code section 1702." *Id*. at 303-04. "Jane Doe - Sales Clerk" does not fall within any of these categories.

Here, the proof of service indicates the process server made three unsuccessful attempts to serve Party 321, Corp. at its business address, 321 Winston Street, Los Angeles, California 90013. [Doc. No. 42, p.3-4.] Specifically, the process server declared: "Unable to effect service at given business address. Attempts were made where the building was closed and there was no answer. I made contact with the manager of new tenant XI Co. which has been here one month who stated, servee went out of business 2 months ago." [*Id*.] A review of the Secretary of State's website for the State of California confirms Party 321, Corp. has been dissolved. Accordingly, not only is it unreasonable for Plaintiff to attempt service by leaving documents with an unidentified woman at an old address,[2] but Plaintiff's attempted method of serving a dissolved corporation disregards the applicable statutory guidelines.

California Corporations Code section 2011 governs causes of action against dissolved corporations, and dictates the acceptable methods for service of process on such entities. Section 2011(b) provides:

---

[2] *See Esget v. TCM Fin. Servs., LLC*, 2011 U.S. Dist. LEXIS 103036 *4-6 (E.D. Cal. Sept. 13, 2011); *Ellard v. Conway*, 94 Cal. App. 4th 540, 545 (2001); *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) ("To be constitutionally sound the form of substituted service must be reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard in order that the traditional notions of fair play and substantial justice implicit in due process are satisfied.").

> Summons or other process against [corporations dissolved after January 1, 1992] . . . may be served by delivering a copy thereof to an officer, director or person having charge of its assets or, if no such person can be found, to any agent upon whom process might be served at the time of dissolution. If none of such persons can be found with due diligence and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that summons or other process be served upon the dissolved corporation by personally delivering a copy thereof, together with a copy of the order, to the Secretary of State or an assistant or deputy secretary of state. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

CAL. CORP. CODE §§ 2011(a)(4), (b); *see also Penasquitos, Inc. v. Super. Ct.*, 53 Cal.3d 1180, 1189-90 (1991). Clearly, Plaintiff's attempted substitute service at Defendant's former place of business, on an unidentified sales clerk who has no identifiable connection to Defendant, does not comply with section 2011. Likewise, Plaintiff's effort to mail Defendant a copy of the complaint and summons, and the moving papers at the same invalid address is ineffectual. Accordingly, the Court concludes it is more than likely that Defendant Party 321, Corp. does not have notice of this action nor Plaintiff's request for injunctive relief. In addition, because Plaintiff seeks to prohibit activities by several Defendants who are no longer parties to this action and at least two Defendants that have not been properly served, the analysis provided in the motion papers is largely irrelevant and the request for relief is overly broad.

**III.  CONCLUSION**

For the reasons stated above, Plaintiff's motion for preliminary injunction is **DENIED** without prejudice. [Doc. No. 30.]

**IT IS SO ORDERED.**

DATED: January 30, 2012

Hon. Michael M. Anello
United States District Judge